# Exhibit "D"

(Jury Instructions)

U. S. DISTRICT COURT
Southern District of G
Filed in Office
7:00 P M.
11-24 19 9
/s/
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 497-181 |
| | ) | |
| KEITH J. COLEMAN, FREDERICK GORHAM, KEITH LONDON, and EUGENE M. JOHNSON | ) ) ) | |

### JURY INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the defendants guilty of the crimes charged in the indictment.

B1

20(

Title 21, United States Code, Section 846 make it a separate federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1).

So, under this law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense, it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme, <u>or</u> that those who <u>were</u> members of the scheme had entered into any formal type of agreement, <u>or</u> that the members had planned together <u>all</u> of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.  Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

> <u>First</u>:  That two or more persons in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and
>
> <u>Second</u>: That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

A person may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names and identities of all the other alleged co-conspirators.  So, if a

defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict him for conspiracy even though he had not participated before and even though he played only a minor part. In addition, the Government need not show that the defendant received, or expected to receive, a financial or material benefit from his participation in the conspiracy.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in such a way which advances the purpose of one, does not thereby become a conspirator.

Finally, a defendant cannot conspire with a Government agent. A Government agent includes an informant or a cooperating witness.

Title 21, United States Code, Section 846 makes it a federal crime or offense for anyone to attempt to aid and abet the distribution of cocaine. To convict a defendant of this charge, the Government's evidence must establish, beyond a reasonable doubt:

> **First**: That the defendant intended to commit the crime charged, and
>
> **Second**: That the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict a defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether a defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. That is because mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not enough. Rather, the defendant must be shown to have taken firm, clear, and undeniable action to commit the crime itself.

Title 18, United States Code, Section 924(c)(1), makes it a separate federal crime or offense for anyone to carry a firearm during and in relation to a drug trafficking crime. Defendant Coleman can be found guilty of that offense as charged only if all of the following facts are proved beyond a reasonable doubt:

**First**: That the defendant committed the drug offense charged in Count 2 of the indictment;

**Second**: That during and in relation to the commission of that offense the defendant carried a firearm, as charged; and

**Third**: That the defendant carried the firearm knowingly.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

To "carry" a firearm means that the defendant either had a firearm on or around his person or transported, conveyed or possessed a firearm in such a way that it was available for immediate use if the defendant so desired.

The phrase "during and in relation to" the commission of an offense means that there must be a connection between the defendant, the firearm and the drug crime so that the firearm facilitated the crime by serving some important function or purpose of the criminal activity.