# Exhibit "E"

(Excerpts From Counsel Griggs Appellate Brief
For the Petitioner (Coleman))

(Federal Disbarment of Attorney Griggs)
(Misc. No. 401-19)

lawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

21 U.S.C. 841 was the only section of the indictment in which the Appellant was charged with a violation of the Code. Appellant was charged with violations of the Code section under Counts One, Two, Four, and Five of the indictment. The indictment charged the Appellant with committing offense of aiding and abetting the distribution of cocaine, Schedule II narcotic controlled substance. In addition, the indictment stated that to aid and abet the distribution of cocaine, a Schedule II narcotic controlled substance is in violation of Section 841(a)(1) of Title 21 and Section 2 of Title 18 of the U.S.C. Nowhere in Sections 841(a)(1) of Title 21 or 2 of Title 18 of the U.S.C. is there any language that makes it unlawful to aid and abet the distribution of cocaine, a Schedule II narcotic controlled substance. The indictment unlawfully charges the Appellant with a hybrid of a violation of the Code by combining the language from two sections of two different titles and then applying them together against the Appellant as if they were one section. Counts one, two, four and five of the indictment must fail because they charge the Appellant with an act or acts that are not provided as violations of any U.S. Code or Law.

VIII.    THE APPELLANT DID NOT VIOLATE 18 U.S.C. 924.

The Appellant was charged with violation of Section 924(c)(1) which makes it unlawful to carry a firearm during the violation of

-10-

provision to include aiding and abetting the distribution of cocaine, a schedule II narcotic controlled substance as a violation of the Code. The legislative history shows that Section 2 of Title 18 was written only in the context of bank employees or officers. Section 17b further shows that Congress recognized that one who is not a bank officer or employee cannot be a principal and that persons who are not bank officers or employees cannot be prosecuted as principals under Section 2 of Title 18. The Appellant is not a federal officer or employee and is not a bank officer or employee and cannot be prosecuted as principals under Section 2 of Title 18. Section 2 is merely an amendment to the codification of Title 18, not an enactment of a valid law, and is only presumed to be law until rebutted as the Appellant sets forth. The Appellant could not aid and abet the government in committing a crime.

VI.   THE APPELLANT DID NOT VIOLATE 21 U.S.C. 846.

This section of the Code is merely a section that provides for a penalty for the violation of any other section of the Code under the same subchapter under which Section 846 in also included. 21 U.S.C. 846. The Appellant was charged with violation of Section 846 in Title 21 under Count One, Two, Four, Five, Six, and Seven of the Indictment. Because Section 846 is only a section which provides for a penalty for violation of other sections of the same subchapter, there can be no violation of such a section of the Code for which the Appellant can be prosecuted.

VII.   THE APPELLANT DID NOT VIOLATE 21 U.S.C. 841.

Section 841 (a)(1) of Title 21 states that it shall be

the sentence and not attribute the amount of drugs the government has asserted to Keith Coleman. The amount of drugs attributed to Keith Coleman should be 0 since fictitious cocaine hydrochloride was used. The total offense level should not increase due to Keith Coleman exercising and pursuing his constitutionally guaranteed rights.

      Respectfully submitted this 27th day of January, 1998,

                        JOYCE M. GRIGGS
                        ATTORNEY FOR DEFENDANT
                        STATE BAR NUMBER 312109

2875 HIGHWAY 80
SAVANNAH, GA 31408
(912) 9641115

# Coastal Empire

Savannah Morni
www.savannah

# Savannah lawyer faces disciplinary action

*Joyce Marie Griggs must defend her right to practice in federal court.*

**By Jan Skutch**
Savannah Morning News

A Savannah lawyer who ran a spirited race against U.S. Rep. Jack Kingston in November now faces a stiffer hurdle.

In an order describing her conduct as vexatious, troublesome and reckless, four federal judges have called Savannah attorney Joyce Marie Griggs on the carpet, threatening to end her practice before them.

Griggs, 49 and a lawyer for nine years, must appear in U.S. District Court May 9 to show why she should not be disbarred, suspended or otherwise disciplined by the federal judges.

Signing the order were Southern District of Georgia Chief Judge Dudley H. Bowen Jr., for himself and for Judge B. Avant Edenfield, who was unavailable for signature, and judges Anthony A. Alaimo and William T. Moore Jr.

"At this point, I don't have any comment," Griggs said Friday afternoon. She offered to turn the matter over to her lawyer for comment, but did not name her lawyer.

Citing one case in which the judges said Griggs did not timely file an action, then falsely insisted the case had been timely filed, the judges said her conduct has been injurious to parties in the case and "recklessly expended this court's time and resources."

It was not a first-time occurrence, the judges said.

"Her conduct in (the case) is consistent with her conduct before the court on numerous other occasions," the judges stated. "She has a history of failures to meet deadlines, tardiness, failure to keep her clients informed and a general disregard for the rules and the functioning of the court.

"Of key concern, too, is her apparent disregard for the judicial system as a whole, and consequently, for the interests of her clients and former clients."

Violations cited occurred in both district and bankruptcy courts.

Bankruptcy judges have reported that Griggs has failed to appear for hearings and has failed to respond to motions, the order states.

In April 2000, facing a contempt hearing based on that type of conduct, Griggs told Bankruptcy Judge Lamar Davis Jr., she would have another attorney take over her pending cases in his court and would not file another case there, the order said.

"Despite this representation, Ms. Griggs has not only filed new cases in Bankruptcy Court, but she has reportedly failed to appear" in initial trustee hearings in cases, the order said.

For her hearing, Griggs will be

see GRIGGS, page 3E

**WHAT HAPPENED**

Savannah attorney Joyce Marie Griggs has been ordered to appear May 9 in U.S. District Court to show why she should not be removed, suspended or otherwise disciplined fo misconduct in her pract


Grigg

**INSIDE**
District judges reasons l disciplinary action
Page 3E

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| IN RE: JOYCE M. GRIGGS ) | MISC. NO. 401-19 |
| ) | SHOW CAUSE ORDER OF |
| ) | APRIL 13, 2001 |

COMES NOW, the Respondent, JOYCE MARIE GRIGGS, and submits her resignation from the Bar of the United States District Court for the Southern District of Georgia, including the Bankruptcy Court and all other components of the federal courts of this District, with the acknowledgment that the factual averments in the Show Cause Order of April 13, 2001, are true and correct. Respondent agrees that she will not apply for readmission to this Bar for a period of five years, and accepts that any readmission may be subject to the fulfillment of certain conditions as the Chief Judge of the Court may then require.

With regard to cases pending in this Court, and its components, including the Bankruptcy Court, Respondent will within ten (10) days submit a complete listing of all cases pending in District Court and Bankruptcy Court, and within thirty (30) days from the date of this Order, with the approval of the client, shall submit to the Court, the names of successor counsel and shall within that same thirty (30) day period deliver all files pertaining to the case to successor counsel.

State Bar of Georgia
Exhibit # B

Respondent acknowledges that this withdrawal does not extinguish her obligation to comply with all orders and sanctions previously imposed by this Court.

This 9th day of May, 2001.

_____   _____
Diane Morrell-McLeod                               Joyce M. Griggs
Counsel for Respondent                            Respondent

I approve and accept the above resignation, and all of its stipulations. Pursuant to Local Rule 83.5 (f), I find the interests of justice require that this resignation be filed in open court and not placed under seal.

This 9th day of May, 2001.

_____
Dudley H. Bowen, Jr.
Chief Judge, United States District Court
Southern District of Georgia

U. S. DISTRICT ...
Southern District of Ga.
Filed in Office

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

IN RE:   JOYCE M. GRIGGS          *    Misc. No. 401-019
         State Bar No. 312109     *

## DISCIPLINARY PROCEEDINGS

This Order is entered pursuant to the resignation from the bar of the United States District Court for the Southern District of Georgia of Joyce M. Griggs, tendered on May 8, 2001. Further, this Court adopts any and all terms and conditions of Ms. Griggs' resignation, which is appended hereto, and by such reference, made a part hereof.

Upon the foregoing, it is hereby ORDERED that the name of the above-captioned attorney at law be hereby stricken and deleted from the roll of attorneys authorized to practice law before this Court. It is further ORDERED that Ms. Joyce M. Griggs shall hereafter make no pretense or attempt to practice law before this Court, nor shall she undertake any course of conduct or action to create the appearance or illusion of any authority to practice law before this Court.

Should Ms. Griggs seek readmission to the bar of this district, the application shall be directed to the Chief Judge and shall further state the grounds upon which her claim of fitness for such bar admission is based.

ORDER ENTERED at Augusta, Georgia, this 9th day of May, 2001.

CHIEF UNITED STATES DISTRICT JUDGE

O 72A

State Bar of Georgia
Exhibit # C
Case # 4539

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | * | |
| | * | MISC. NO. _____ |
| JOYCE M. GRIGGS | * | MC 401-19 |

ORDER

This Order is entered pursuant to Local Rule 83.5(a), S.D. Ga., to set a Show Cause Hearing concerning the conduct of Joyce M. Griggs, an attorney admitted to practice law before this Court. As explained more fully below, Ms. Griggs shall show cause at a hearing before this Court why she should not be disbarred, suspended, or otherwise disciplined in this Court.

I. BACKGROUND SUMMARY

   A. <u>Contempt of the Court's Order of October 17, 2000</u>.

The disciplinary proceedings against Ms. Griggs concern, *inter alia*, her recent failure to comply with the Court's Order of October 17, 2000, which imposed sanctions against Ms. Griggs in the case of <u>Chisholm v. Tri-Rivers Food, L.P., d/b/a Wendy's</u>, CV 499-144 (S.D. Ga. 1999). The Court imposed sanctions under Fed. R. Civ. P. 11(b) after finding that Ms. Griggs had pursued the "litigation when she knew or should have known that it was time-barred, she falsely represented to the district court that the complaint was filed more than

State Bar of Georgia
Exhibit # A
Case # f234

three months earlier than it actually was filed; she ignored the rules requiring service of pleadings on opposing counsel; and she never once met a filing deadline." Order Imposing Sanctions, Oct. 17, 2000, at 7-8 (Moore, J.). The Court also imposed sanctions under 28 U.S.C. § 1927 for her vexatious conduct on appeal. Id. at 8.

Ms. Griggs failed to comply with the Order Imposing Sanctions. On December 4, 2000, Judge William T. Moore, Jr. directed Ms. Griggs to show cause in writing why she should not be held in contempt of the Court's Order of October 17, 2000. Ms. Griggs submitted a response, reasoning that she did not have to comply with the Order Imposing Sanctions because she had filed a Notice of Appeal of said Order on October 27, 2000. A judgment, however, is not stayed by the filing of a notice of appeal. See Fed. R. Civ. P. 62(d). Moreover, the Court of Appeals granted the appellee's motion for summary affirmance of the Order Imposing Sanctions on January 29, 2001. To date, Ms. Griggs has not paid any amount of the imposed sanctions to the attorney for the defendant in the Chisholm case, and thus she has failed to comply with an order of this Court.

B.   Conduct Warranting Sanctions in the Chisholm case.

Because the Show Cause Hearing will involve an examination into Ms. Griggs' practice as an attorney in this judicial district, it is important to outline the troublesome

2

conduct that led to the imposition of sanctions against her in the <u>Chisholm</u> case.

In <u>Chisholm</u>, Ms. Griggs filed a complaint on behalf of her client alleging violations of the American with Disabilities Act. The complaint was filed nearly eighteen months after the right-to-sue letter was issued by the EEOC, clearly outside of the 90-day limitations period. <u>See</u> 42 U.S.C. § 12117(a) (incorporating the procedures of Title VII, 42 U.S.C. § 2000e-5, into the A.D.A.). In an untimely response to the defendant's motion to dismiss, Ms. Griggs falsely asserted that she filed the subject complaint three months earlier. Ms. Griggs then erroneously argued that she was simply refiling a previously filed complaint, which had been dismissed without prejudice, as permitted by the Georgia renewal statute, O.C.G.A. § 9-2-61. Ms. Griggs failed to recognize established law that state limitations provisions, including renewal statutes, are inapplicable where federal law supplies its own statute of limitations. She also failed to acknowledge that the original suit had also been filed outside of the applicable statute of limitations.[1] In fact, she falsely insisted that the original law suit had been timely filed. Pl.'s Brf. Resp. to Mot. to Dismiss, at 1. Moreover, Ms. Griggs refused to withdraw the complaint of her own

---

[1] The original complaint was dismissed without prejudice for failure to effect timely service. Ms. Griggs apparently made little effort to serve the original complaint within the time required by Fed. R. Civ. P. 4(m).

3

volition even after defense counsel noticed that he would seek Rule 11 sanctions for the prosecution of a claim not warranted by existing law.

The complaint was dismissed with prejudice based upon the statute of limitations. Ms. Griggs, on behalf of her client, filed a notice of appeal. Ms. Griggs' conduct on appeal was also disturbing as the Court of Appeals served five separate 14-day notices that her appeal would be dismissed for failure to pay the docketing fees and to file an appropriate brief. The Court of Appeals finally dismissed the appeal.

On several occasions in the Chisholm litigation, it also appears that Ms. Griggs either improperly served or failed to serve defense counsel with pleadings and consistently postmarked her submissions with blank mailing dates.

The conduct of Ms. Griggs in the Chisholm case was not only injurious to the parties in the case, but she also recklessly expended this Court's time and resources.

C.   Ms. Griggs' Conduct in Other Cases.

Ms. Griggs' troublesome conduct in the Chisholm case is not a first time occurrence. Her conduct in Chisholm is consistent with her conduct before the Court on numerous other occasions. She has a history of failures to meet deadlines, tardiness, failure to keep her clients informed, and a general disregard for the rules and the functioning of the court. Of key concern, too, is her apparent disregard for the judicial

4

Court, but she failed to timely file a brief as mandated by Bankruptcy Rule 8009(1). Accordingly, her appeal was dismissed. Order of August 16, 1999, Griggs v. Hymon, CV 498-253, Appeal from Bankr. Proc. No. 98-40929 (S.D. Ga. 1998). To date, Ms. Griggs has not paid the imposed sanctions of $825.00, and thus she has failed to comply with an order of this Court.

2. Bacon v. Cohen, CV 498-084 (S.D. Ga. 1998).

In this Title VII case, the Plaintiff Samuel W. Bacon was represented by Ms. Griggs. After the complaint was filed, the Plaintiff requested no discovery. The United States government, the defendant in the case, filed an extensive motion for summary judgment in August of 1998. The Plaintiff, through Ms. Griggs, filed a motion for extension of time to respond to the motion for summary judgment. The Court granted said motion and gave the Plaintiff until September 7, 1998 to respond to the motion for summary judgment. Without responding to the motion, the Plaintiff, through Ms. Griggs, filed a Motion to Dismiss Without Prejudice. By Order of November 16, 1998, the Court denied the Plaintiff's Motion to Dismiss and granted the unopposed Motion for Summary Judgment on its merits. Order of November 16, 1998, Bacon v. Cohen, CV 498-084.

Plaintiff Bacon filed a grievance against Ms. Griggs with the State Bar of Georgia after he learned of the November 16, 1998 Order. Plaintiff also moved, pro se, to reopen the Title

VII case based upon Ms. Griggs' alleged malpractice. Specifically, the Plaintiff alleged that he was unaware of Ms. Griggs' failure to file a response to the motion for summary judgment, he was not consulted or informed of the motion to dismiss without prejudice, and he had not talked with Ms. Griggs from June 5, 1998 to February 8, 1999. Mot. to Reopen Case, September 19, 2000, at 1-2.

The Court could not afford the requested relief to the Plaintiff under Fed. R. Civ. P. 60(b), even though Ms. Griggs' performance as his legal counsel may have been deficient. See Order of October 24, 2000, Bacon v. Cohen, CV 498-084.

3. Nelson v. Georgia Pacific Corp., CV 298-110 (S.D. Ga. 1998).

Ms. Griggs represented the Plaintiff, David Nelson, in this case alleging six causes of action, including claims under Title VII and the A.D.A. The complaint was filed on June 5, 1998. However, the Plaintiff, through Ms. Griggs, had to seek an extension of time to serve the complaint without explanation. The Court permitted such extension, but the Defendant served a Motion to Dismiss based upon the untimely service of the complaint against the Plaintiff. The Plaintiff, again through Ms. Griggs, failed to file a timely response to the Motion to Dismiss.

On January 26, 1999, Judge Anthony A. Alaimo ordered Ms. Griggs to show cause why she should not be sanctioned under Rule 11 for her dilatory conduct in the case. Order of January 26, 1999, Nelson v. Georgia Pacific Corp., CV 298-100.

7

Ms. Griggs failed to respond to the January 26, 1999 Order. By Order of February 22, 1999, Ms. Griggs was ordered to pay $1000 under Rule 11. Order of February 22, 1999, <u>Nelson v. Georgia Pacific Corp.</u>, CV 298-110 (J., Alaimo). Ms. Griggs appealed the February 22 Order imposing sanctions. The Eleventh Circuit Court of Appeals dismissed the appeal in January 2000 for failure to prosecute when Ms. Griggs failed to file record excerpts or a brief.

Despite the dismissal of the appeal, Ms. Griggs failed to pay the imposed fine until Judge Alaimo sent Ms. Griggs a letter threatening to take action against her law office. Ms. Griggs finally paid $1000 into the Court registry on June 19, 2000.

4. <u>Riley v. Mayor & Aldermen of City of Savannah</u>, CV 495-045 (S.D. Ga. 1995).

In this case, Plaintiff James Riley, by and through his attorney Ms. Griggs, sought damages arising out of the alleged violation of his constitutional rights under 28 U.S.C. § 1983, stemming from his arrest in Chatham County, Georgia. In the course of this litigation, several defendants to include Chatham County, the Chatham County Commission Chairman and Commissioners, the Chatham County Sheriff's Department and the Walter Mitchell Jr. Detention Center, moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Ms. Griggs, as attorney for the plaintiff, failed

---

Ms. Griggs withdrew as counsel for the Plaintiff shortly thereafter.

to respond to these motions to dismiss, and the case was subsequently dismissed as to these defendants. The remaining defendants served written discovery upon the Plaintiff, which remained unanswered until the defendants filed motions to compel under Fed. R. Civ. P. 37. On July 5, 1995, the Court ordered the plaintiff to respond to the discovery requests, but the responses that followed were inadequate and incomplete. On September 5, 1995, the Court again compelled appropriate discovery responses from the Plaintiff and ordered Ms. Griggs to pay related attorney's fees under Rule 37. While Ms. Griggs paid the imposed sanctions, she failed to respond to discovery on behalf of her client in accordance with the Court's Orders of July 5 and September 5, 1995. The remaining defendants moved for the sanction of dismissal under Fed. R. Civ. P. 37(b)(2)(C) to which the Plaintiff, through Ms. Griggs, filed no response. The Court dismissed all remaining claims against all defendants. Order of October 16, 1995, <u>Riley v. Mayor & Aldermen of Savannah</u>, CV 495-045 (imposing the sanction of dismissal under Fed. R. Civ. P. 37(b)(2)(C)).

   5.   Practice in the United States Bankruptcy Court.

   The judges of the United States Bankruptcy Court in this district have reported that Ms. Griggs has failed to appear for hearings and has failed to respond to motions. In April 2000, Judge Lamar W. Davis, Jr., scheduled a contempt hearing based upon this type of conduct. This hearing was canceled

9

after Ms. Griggs represented to Judge Davis that she would have another attorney take over her pending cases and that she would not file another case in Bankruptcy Court. Despite this representation, Ms. Griggs has not only filed new cases in Bankruptcy Court, but she has reportedly failed to appear for the initial Section 341 hearings before the Trustee.

## II. SPECIFICATION OF CHARGES AND COMPLAINTS

Based upon the foregoing, Ms. Griggs is hereby informed that she is being considered for disciplinary action for the following conduct before the bench and bar of the Southern District of Georgia:

1. Failure to comply with the Order Imposing Sanctions in <u>Chisholm v. Tri-Rivers Food, L.P., d/b/a Wendy's</u>, CV 499-144, Oct. 27, 2000 (S.D. Ga. 1999) (Moore, J.).

2. Failure to comply with this Court's Order of December 4, 2000, directing Ms. Griggs to show cause why she should not be held in contempt of court for failure to comply with the Order Imposing Sanctions in <u>Chisholm v. Tri-Rivers Food, L.P., d/b/a Wendy's</u>, CV 499-144, Oct. 27, 2000 (S.D. Ga. 1999) (Moore, J.).

3. Failure to comply with this Court's Order of September 23, 1998, directing Ms. Griggs to pay $825.00 to the debtor. <u>In re: Elizabeth Hymon</u>, Chapter 13, Case No. 98-40929-LWD (Bankr. S.D. Ga. 1998).

4. Failure to keep her client, a bankruptcy debtor, informed

10

of the issues in the case and failure to convert such case to Chapter 7 as directed by the Court. <u>See</u> Order of September 23, 1998, <u>In re: Elizabeth Hymon</u>, Chapter 13, Case No. 98-40929-LWD (Bankr. S.D. Ga. 1998).

5. Failure to contact counsel requesting consent for a continuance of a scheduled hearing while representing to the Court that counsel consented to said continuance. <u>See</u> Amended Motion to Disgorge Attorney's Fees, August 4, 1998, <u>In re: Elizabeth Hymon</u>, Chapter 13, Case No. 98-40929-LWD (Bankr. S.D. Ga. 1998).

6. Failure to keep her client informed of the issues in the case of <u>Bacon v. Cohen</u>, CV 498-084 (S.D. Ga. 1998).

7. Consistent failure to meet deadlines in this Court.

8. Consistent failure to competently represent her clients in cases before the Court.

9. Consistent failure to respond to dispositive motions or discovery requests in cases before the Court.

10. Consistent failure to attend scheduled meetings and hearings in this Court.

III. PROCEDURE

The Show Cause Hearing directed by this Order shall be a full hearing on the merits concerning whether Ms. Griggs should be permanently disbarred from the practice of law in this district or otherwise disciplined based upon the conduct outlined herein in the <u>Chisholm</u> case, taking into

11

consideration her previous conduct before this Court as well. The Show Cause Hearing will proceed under the authority of Local Rule 83.5(a), S.D. Ga., and this Court's inherent power to discipline attorneys, see In re: Snyder, 472 U.S. 634, 643 (1985) (recognizing as "axiomatic" courts' inherent power to discipline attorneys); In re: Finkelstein, 901 F.2d 1560, 1563064 (11" Cir. 1990).

Ms. Griggs will be allowed to testify, call witnesses and submit appropriate evidence. Evidence shall be presented in accordance with the Federal Rules of Evidence. Also, subpoenas may issue to compel the attendance of witnesses and the production of documents if Ms. Griggs so requests.

Ms. Griggs' is entitled to retain counsel and is encouraged to do so. Retained counsel shall file an appearance before this Court and comply with all applicable federal and local rules of procedure.

IV. CONCLUSION

Joyce M. Griggs is hereby ORDERED TO APPEAR in the United States Courthouse, Savannah, Georgia, on May 9TH, 2001, at 10:00 a.m., and SHOW CAUSE why she should not be disbarred, suspended, or otherwise disciplined in this Court. Furthermore, the United States Attorney Harry D. Dixon, Jr., and his successors and assistants are HEREBY APPOINTED to represent the interests of the bar of the Southern District of Georgia, pursuant to Local Rule 83.10, S.D. Ga. IT IS

12

FURTHER ORDERED that all requests for subpoenas be SUBMITTED TO THE COURT FOR REVIEW before such subpoenas are issued by the Clerk of Court.

The United States Marshal is DIRECTED TO PERSONALLY SERVE Joyce M. Griggs forthwith at her office, 2875 Hwy. 80 West, Savannah, GA 31408, or at such other place as she may be found. The Clerk shall forward a copy of this Order to the personal attention of the United States Attorney.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of April, 2001.

_____
DUDLEY H. BOWEN, JR.
CHIEF UNITED STATES DISTRICT COURT
FOR HIMSELF AND THE HONORABLE B. AVANT EDENFIELD*

_____
ANTHONY A. ALAIMO
UNITED STATES DISTRICT COURT

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT


*currently unavailable for signature

13

72A
(Rev. 8/82)