FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 9:00 am, Jul 02, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

KEITH G. COLEMAN,

               Petitioner,

     v.

C. GARRETT,

             Respondent.

CIVIL ACTION NO.: 2:19-cv-146

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Keith Coleman ("Coleman") filed a 28 U.S.C. § 2241 Petition, as amended.

Docs. 1, 8.  For the following reasons, I **RECOMMEND** the Court **DISMISS** Coleman's

Petition, as amended, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate

judgment of dismissal, and **DENY** Coleman leave to appeal *in forma pauperis*.[1]  I **DENY as**

**moot** Coleman's Motion to Incorporate new Application.  Doc. 7.

---

[1]     A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's report and recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Coleman that his suit is due to be dismissed.  As indicated below, Coleman will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

Coleman was convicted in this Court in 1998, after a jury trial, of conspiracy to aid and abet the distribution of cocaine and attempts to aid and abet the distribution of cocaine, in violation of 21 U.S.C. § 846, and carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).  Doc. 8 at 13; United States v. Coleman, 4:97-cr-181 (S.D. Ga.) ("Crim. Case"), Doc. 238 at 2.  Coleman was sentenced to life imprisonment on the conspiracy count and 480 months' imprisonment as to each attempt count, to be served concurrently, and 60 months' imprisonment on the firearm count, to be served consecutively (for a total sentence of life plus 60 months).  Crim. Case, Doc. 238 at 3.  Coleman filed a notice of appeal.  Crim. Case, Doc. 241.  The Eleventh Circuit Court of Appeals affirmed Coleman's conviction and sentence.  United States v. Gorham, 98-8154 (11th Cir. Oct. 13, 1999).

Coleman filed his first 28 U.S.C. § 2255 motion to vacate, modify, or correct his sentence on February 28, 2000, alleging he was not convicted of a substantive offense, rendering his sentence constitutionally invalid.  Crim. Case, Doc. 287.  Coleman also alleged he could not be accused of attempting to aid and abet and he was actually innocent of charges not stated in the indictment.  Id. at 4–5.  This Court denied Coleman's motion.  Id., Docs. 322, 326.  The Court granted Coleman's motion for reconsideration based on the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000),[2] and re-referred the matter to the Magistrate Judge.  Id., Doc. 342.  The Court once again denied Coleman's § 2255 motion.  Id., Docs. 382, 386.  Coleman filed a motion to dismiss, which the Court deemed a § 2255 motion and denied as an improper successive § 2255 motion.  Id., Docs. 394, 397.  Coleman filed two motions to preserve Booker-

---

[2]      "[A]ny fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[] and proved beyond a reasonable doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

related issues,[3] a motion to transfer his petition to the Eleventh Circuit Court of Appeals, and a motion for leave to file another § 2255 motion.  Id., Docs. 422, 423, 426.  The Court denied these motions, finding them to be successive § 2255 motions.  Id., Doc. 430.  Coleman then filed a motion to reduce his sentence under 18 U.S.C. § 3582 based on retroactive application of Sentencing Guidelines, which the Court denied because Coleman's convictions did not relate to crack cocaine.  Id., Docs. 441, 442.  Coleman then filed another § 2255 motion.  Id., Doc. 450.  This Court dismissed Coleman's motion as a successive attack on his conviction and sentence.  Id., Docs. 451, 455.[4]  Coleman filed yet another § 2255 motion, which this Court again dismissed as successive.  Id., Docs. 464, 465, 468.  Coleman's sentence was later reduced upon his motion to 365 months' imprisonment on the conspiracy and attempt charges, to be served concurrently, plus 60 months' imprisonment on the firearm count, to be served consecutively.  Id., Docs. 470, 472.

## DISCUSSION

Coleman states he is challenging the validity of his conviction and sentence because he was convicted of a crime that is not punishable under the federal drug laws.  Doc. 8 at 2, 6.  Coleman also maintains he is challenging the integrity of his habeas proceedings.  Id. at 2.  Coleman asserts the charges against him violate the separation of powers clause because he was prosecuted for non-criminal conduct.  Id. at 6.  In addition, Coleman contends he was not permitted to exercise his right to counsel of his choosing because his trial counsel was supposed

---

[3]       In United States v. Booker, 543 U.S. 220 (2005), the United States Supreme Court determined a sentence cannot be enhanced based on facts found by a judge that were not admitted to by the defendant or found by the jury and the Sentencing Guidelines were advisory, rather than mandatory, in nature.

[4]       The Magistrate Judge noted Coleman's attempt to circumvent the successiveness bar by using 28 U.S.C. § 1651, the All Writs Act, was not permissible.  Crim. Case, Doc. 451 at 1–2 n.1.  Coleman attempts to do the same in this case by citing § 1651 and Federal Rule of Civil Procedure 60(b)(6).  Doc. 8.

to resign from her representation on appeal and did not.  Id.  He claims the remedy under § 2255

is ineffective because the sentencing court (this Court) failed to address the merits of his claims

and prevented him from having "an efficient app[e]llate review."  Id. at 4, 7.[5]

## I.      Whether Coleman Can Proceed Under § 2241

Coleman's Petition should be dismissed because it is another successive attack on his

federal conviction that can only be made in compliance with § 2255, and Coleman has not

satisfied the requirements of § 2255.  Coleman's attempt to label his filing as a § 2241 Petition

does not help.  His Petition is a barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the

execution of a sentence or the nature of confinement, not the validity of the sentence itself or the

fact of confinement."  Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal

punctuation and citation omitted).  Ordinarily, an action in which an individual seeks to

collaterally attack "the validity of a federal sentence must be brought under § 2255," in the

district of conviction.  28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d

1328, 1333 (11th Cir. 2013).  To utilize § 2241 to attack the validity of a federal sentence or

conviction, a petitioner must show that the remedy afforded under § 2255 is "inadequate or

ineffective."  Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner,

709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under

§ 2255 was inadequate or ineffective to test the legality of his detention).  A motion to vacate

covers only challenges to the validity of a sentence or conviction, but the saving clause and a

petition for a writ of habeas corpus cover challenges to the execution of a sentence.  Cf.

Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled

---

[5]      As part of his Amended Petition, Coleman has submitted what appears to be a duplicate of his
petition in Case Number 2:19-cv-138.  Doc. 8 at 9–45.

that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . .

A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when

he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his

sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir.

1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the

alleged errors occurred at or prior to sentencing.").

> Section 2255(e) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not be
> entertained if it appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him relief, **unless
> it also appears that the remedy by motion is inadequate or ineffective to test
> the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).  The above-emphasized portion of § 2255(e) is referred

to as the "saving clause."  "Section 2255(e) makes clear that a motion to vacate is the exclusive

mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause.

McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze

"whether the motion to vacate is an adequate procedure to test the prisoner's claim."  Id. at 1086.

To answer this question, a court should "ask whether the prisoner would have been permitted to

bring that claim in a motion to vacate.  In other words, a prisoner has a meaningful opportunity

to test his claim whenever section 2255 can provide him a remedy."  Id. at 1086–87.  In short,

when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a

kind that is "cognizable" under § 2255.  If so, the petitioner cannot meet the "saving clause" and

cannot proceed under § 2241.  To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not

ineffective unless the procedure it provides is incapable of adjudicating the claim."  Id. at 1088.

Whether the petitioner in entitled to relief under § 2255 is not relevant to the <u>McCarthan</u> test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief."  <u>Id.</u> at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Coleman does not present any of those circumstances through his instant Petition.[6]  Coleman is clearly challenging the validity of his conviction or sentence, which he admits.  Doc. 8 at 2 (checking box for challenging the validity of his conviction or sentence as imposed).  This is the type of claim that § 2255 encompasses.  It is clear Coleman is not attacking the manner in which his sentence is being executed but the validity of his conviction and sentence themselves.  He would have been permitted to bring this type of claim in a motion to vacate, and § 2255 provided Coleman with an adequate procedure to test his claim.  As outlined above, Coleman has invoked § 2255 and other post-conviction relief motions on several occasions.

Further, Coleman's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief.  <u>See</u> <u>McCarthan</u>, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy.").  Thus, the fact that Coleman faces a successiveness bar against a successive § 2255 motion or a statute of limitations bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective.  <u>Id.</u>; <u>Gilbert v. United States</u>, 640 F.3d 1293, 1308 (11th Cir. 2011).  Rather, "[w]hat makes the

---

[6]      Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts.  <u>McCarthan</u>, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'"  <u>Id.</u> (citations omitted).  It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong.  <u>Id.</u> at 1086, 1090.

§ 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provided Coleman an "adequate procedure" to test his conviction and sentence before this Court.  In fact, Coleman used the § 2255 mechanism in this Court, the District of his conviction, on previous occasions—raising some of the same contentions he does here—but just was not successful.  Consequently, Coleman cannot show that § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Coleman cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments.

## II.      Leave to Appeal *in Forma Pauperis*

The Court should also deny Coleman leave to appeal *in forma pauperis*.  Though Coleman has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v.

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Coleman's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Coleman *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Coleman's Petition, as amended, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Coleman leave to appeal *in forma pauperis*.  I **DENY as moot** Coleman's Motion to Incorporate new Application.  Doc. 7.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of July, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA